UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**WILLIAM D. DAVIS AND**
**MICHELLE MARLENE BENDER DAVIS**
**PLAINTIFFS**

CIVIL ACTION NO. **2:20-cv-176-KS-MTP**

**COUNTY OF JONES, MISSISSIPPI,** **DEFENDANTS**
**TONYA MADISON, INDIVIDUALLY AND AS A**
**FORMER DEPUTY SHERIFF OF JONES COUNTY,**
**MISSISSIPPI, JOHN DOES 1-25, JANE DOES 1-25,**
**AND OTHER UNKNOWN DEFENDANTS, DEPUTIES AND**
**EMPLOYEES OF THE COUNTY OF JONES, MISSISSIPPI,**
**INDIVIDUALLY AND AS EMPLOYEES OF JONES COUNTY, MISSISSIPPI**

**JURY TRIAL DEMANDED**

## COMPLAINT

Come now Plaintiffs, William D. Davis and Michelle Marlene Bender Davis (hereinafter sometimes collectively referred to as Plaintiffs) by and through their attorneys of record, the law firm of Hood & Bolen, PLLC, and file this complaint hereby asserting the following claims against Defendants, County of Jones, Mississippi, Tonya Madison, individually and as a former deputy sheriff of Jones County, Mississippi, John Does 1-25, Jane Does 1-25, and other unknown Defendants, deputies and employees of the County of Jones, Mississippi, individually and as employees of the County of Jones, Mississippi (hereinafter sometimes collectively referred to as Defendants) in the above styled and numbered case, and for cause of action will show unto this honorable Court as follows, to-wit:

1

I.

**INTRODUCTION AND CAUSES OF ACTION**

This action is brought for the denial of the constitutional rights of Plaintiffs and also for damages for violations of the Mississippi Torts Claim Act under the Court's supplemental jurisdiction by Defendants pursuant to the following authorities, to-wit:

(1)  violations of 42 U. S. C. §1983 - arrest;
(2)  violations of 42 U. S. C. §1983 - detention and confinement;
(3)  violations of 42 U. S. C. §1983 - conspiracy;
(4)  violations of 42 U. S. C. §1983 - improper search
(5)  violations of 42 U. S. C. §1983 - refusing or neglecting to prevent;
(6)  violations of the Fourth Amendment of the United States Constitution;
(7)  violations of the Fourteenth Amendment of the United States Constitution;
(8)  violations of §11-46-1 *et seq.*, Miss. Code Ann. (1972), as amended;
(9)  false arrest and imprisonment;
(10) malicious prosecution;
(11) malicious abuse of prosecution;
(12) conspiracy;
(13) intentional infliction of emotional distress;
(14) negligent infliction of emotional distress;
(15) general negligence;
(16) violations of state constitutional rights; and
(17) punitive damages and attorneys' fees.

.

II.
**JURISDICTION**

1.  Jurisdiction of this Court arises under 28 U. S. C. §§ 1331, 1337, 1343(a) and 1387(a); 42 U. S. C. §§ 1983, 1985, 1986; and 18 U. S. C. §§ 1961 - 1968.

2.  Jurisdiction of this Court for the pendent claims is authorized by Rule 18(a) and arises under the doctrine of pendent jurisdiction as set forth on *United Mine Workers v. Gibbs*, 383 U. S. 715 (1966).

III.

**VENUE**

3.  Venue is proper in the Eastern Division of the Southern District of Mississippi pursuant to 28 U. S. C. §1391 since the Defendants are located or reside therein and a substantial part of the events giving rise to this cause of action occurred in the Eastern Division of the Southern District of Mississippi.

IV.

**PARTIES**

4.  Plaintiff, William D. Davis, is an adult resident citizen of Jones County, Mississippi, who is a natural person residing at 5377 Highway 11 North, Ellisville, Mississippi 39437, and was a resident of Jones County, Mississippi, during all relevant times involved in this action.

5.  Plaintiff, Michelle Marlene Bender Davis, the wife of William D. Davis, is an adult resident citizen of Jones County, Mississippi, who is a natural person residing at 5377 Highway 11 North, Ellisville, Mississippi 39437, and was a resident of Jones County, Mississippi, during all relevant times involved in this action.

6.  Defendant, County of Jones, Mississippi, is a political subdivision of the State of Mississippi existing under the laws of the State of Mississippi and at all relevant times acted under color of law in carrying out its official duties through its sheriff, deputies and officers on its force and other employees of the County of Jones, Mississippi.  The County of Jones, Mississippi, may be served with process upon its Chancery Clerk, Wendell Bart Gavin.

7.  Defendant, Tonya Madison, is an adult resident citizen of Jones County, Mississippi, individually and acting on behalf of the County of Jones, Mississippi, as an employee in the

capacity of a deputy sheriff during all times the incidents giving rise to this cause of action arose. Defendant, Tonya Madison, may be served with process at 815 12th Street, Laurel, Mississippi 39440.

8. Defendants, John Does 1 - 25, Jane Does 1 - 25, and other unknown Defendants, Deputies and employees of the County of Jones, Mississippi, individually and as employees of the County of Jones, Mississippi, are unknown men and women, who were employed with the Jones County Sheriff's Department or in some other capacity by the County of Jones, Mississippi, at the time of the incidents as complained of herein and had some involvement in the incidents as complained of herein, individually or in some official capacity. Plaintiffs reserve the right to add the names of these individuals at a later date.

V.

**FACTS AND CAUSE OF ACTION**

(1)     On or about May 6, 2019, at approximately 6:45 a.m., Captain Tonya Madison, an officer and employee of the Sheriff's Department, County of Jones, Mississippi, orchestrated a raid at the home of William D. Davis and Michelle Marlene Bender Davis, located at 5377 Highway 11 North, Ellisville, Jones County, Mississippi 39437, for the purpose of arresting Mr. Davis.

(2)     Captain Tonya Madison was accompanied by numerous deputies and other employees of the County of Jones, Mississippi, and many of these individuals arrived at the home of William D. Davis and Michelle Marlene Bender Davis with their guns drawn.

(3)     William D. Davis was immediately ordered outside of his home and fearing for his life existed his home without time to put on any clothing. Mr. Davis was immediately

handcuffed while he was in this embarrassing state of undress. Mr. Davis was subsequently allowed to dress himself after a period of time standing in front of all individuals participating in the raid in his state of undress.

(4) William D. Davis inquired of any charges against him, but the arresting officers acting on behalf of the County of Jones, Mississippi, refused to disclose any charges pending against Mr. Davis and refused to produce an arrest warrant.

(5) At all times during this raid, Michelle Marlene Bender Davis was in great fear for the life and safety of her husband and was also in great fear for her own life and safety.

(6) After being able to dress himself, Mr. Davis was transported to the County Jail, County of Jones, Mississippi, where he was booked and held overnight.

(7) The next morning, William D. Davis was carried before a justice court judge for the County of Jones, Mississippi, where he learned that Captain Tonya Madison, an officer and employee of the Sheriff's Department, County of Jones, Mississippi, had filed an affidavit with the Jones County Justice Court charging Mr. Davis with felonious child abuse in violation of *Miss. Code Ann.,* § 97-5-39(2)(a)(1).

(8) The charges filed by Captain Tonya Madison appeared to have been based on alleged statements from O. N., the minor stepson of Mr. Davis. O. N. is known to have numerous psychological, *inter alia*, issues and is also known to make statements that are untrue and unreliable.

(9) Captain Tonya Madison alleges in her affidavit that O. N. had excessive marks on his body, but she did not seek medical treatment for O. N. and never produced any medical records to prove any injuries.

(10)   Captain Tonya Madison acting on behalf of the County of Jones, Mississippi, filed an affidavit containing allegations that she knew, or should have known, were false and lacked any probable cause for making such an affidavit resulting in Mr. Davis being placed under a no-contact order and being required to post a bond.

(11)   By letter, dated December 13, 2019, Kristen Martin, Assistant District Attorney, 18th District, notified Captain Tonya Madison that she was declining to prosecute Mr. Davis and was not even seeking an indictment of Mr. Davis.

(12)   As a direct and approximate result of Captain Tonya Madison orchestrating a raid on their home, William D. Davis and Michelle Marlene Bender Davis were place in fear of losing their life, causing both of them great worry, anxiety, mental stress and strain plus the relationship with Mrs. Davis' children was greatly damaged.

(13)   The actions of Tonya Madison acting on behalf of the County of Jones, Mississippi, caused Mr. Davis to be falsely imprisoned and deprived of his freedom on false charges in violation of his civil rights and his constitutional rights.  In addition, Mr. Davis was, *inter alia*, forced to stand nude in front of numerous officials of the County of Jones, Mississippi; was humiliated and intimidated by this action and the various employees of the County of Jones, Mississippi; was handcuffed so tightly that his wrist was cut requiring medical attention; was placed in fear of prosecution and incarceration from the time of his arrest until Kristen Martin, Assistant District Attorney, refused to prosecute.

## COUNT 1

## VIOLATIONS OF 42 U. S. C. §1983 - ARREST

Plaintiffs expressly incorporate paragraphs V- (1) through V-(13) herein by reference as

fully as though copied at length herein and re-allege all allegations contained in those paragraphs in Count 1.  At all times relevant herein, the conduct of all Defendants were subject to 42 U. S. C. §§ 1983, 1985, 1986 and 1988.  Acting under the color of law, Defendants denied Plaintiffs their rights, privileges or immunities secured by the U. S. Constitution and Federal Law by:

   (a) depriving Plaintiff, William D. Davis, of his liberty without due process of law by taking him into custody and holding him against his will;

   (b) by making unreasonable searches and seizures of his property without due process of law;

   (c) by conspiring for the purpose of impeding and hindering the due course of justice with intent to deny Plaintiff, William D. Davis, the equal protection of the laws; and

   (d) by refusing or neglecting to prevent such deprivations and denials to Plaintiff, William D. Davis, thereby depriving him of his rights, privileges and immunities as guaranteed by the Fourth, Fifth and Fourteen Amendments to the Constitution of the United States.

## COUNT 2

## VIOLATIONS OF 42 U. S. C. §1983 - DETENTION AND CONFINEMENT

   Plaintiffs expressly incorporate paragraphs V- (1) through V-(13) herein by reference as fully as though copied at length herein and re-allege all allegations contained in those paragraphs in Count 2.  As a result of their concerted unlawful and malicious detention and confinement of Plaintiff, William D. Davis, Defendants deprived him of both his right to liberty without due process of law and his right to equal protection of the laws thereby impeding the due course of justice in violation of the Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States and 11 U. S. C. § 1983.

## COUNT 3

## VIOLATIONS OF 42 U. S. C. §1983 - CONSPIRACY

Plaintiffs expressly incorporate paragraphs V- (1) through V-(13) herein by reference as fully as though copied at length herein and re-allege all allegations contained in those paragraphs in Count 3.  As a result of their concerted unlawful and malicious conspiracy of Defendants, Plaintiff, William D. Davis, was deprived of both his liberty without due process of law and this right to equal protection of the laws thereby impeding the due course of justice in violation of the Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States and 11 U. S. C. § 1983.

## COUNT 4

## VIOLATIONS OF 42 U. S. C. §1983 - IMPROPER SEARCH

Plaintiffs expressly incorporate paragraphs V- (1) through V- (13) herein by reference as fully as though copied at length herein and re-allege all allegations contained in those paragraphs in Count 4.  Defendants obtained evidence against Plaintiff, Willam D. Davis, through illegal searches in violation of 42 U. S. C. §1983 and the Fourth Amendment of the United States Constitution.

## COUNT 5

## VIOLATIONS OF 42 U. S. C. §1983 - REFUSING OR NEGLECTING TO PREVENT

Plaintiffs expressly incorporate paragraphs V- (1) through V- (13) herein by reference as fully as though copied at length herein and re-allege all allegations contained in those paragraphs in Count 5.  At all times relevant to this complaint, Defendants were acting under the direction, control, instance, request and authority of the County of Jones, Mississippi, and through the Jones County Sheriff's Department.

Acting under color of law and pursuant to official policy or custom, Defendants knowingly, recklessly or with gross negligence failed to instruct, supervise, control and discipline on a continuing basis the police officers and detectives, in the performance of their duties and to refrain from:

(a)  unlawfully and maliciously arresting, imprisoning and prosecuting citizens who were acting within accordance of their constitutional and statutory rights, privileges and immunities;

(b)  conspiring to violate the rights, privileges and immunities guaranteed to plaintiffs by the U. S. Constitution and the laws of the United States and the laws of the State of Mississippi; and

(c)  otherwise depriving Plaintiffs of their constitutional and statutory rights, privileges and immunities.

Defendants knew or should have known that if they had diligently exercised their duties to instruct, supervise, control and discipline on a continuing basis that the wrongs being done and conspired to be done were being inflicted upon Plaintiffs.  Defendants had the power to prevent or aid in preventing the commission of said wrongs and could have prevented the wrongs from being committed on Plaintiffs by reasonable diligence, but knowingly, recklessly or with gross negligence failed or refused to so do.

Defendants directly or indirectly under color of law approved or ratified the unlawful, deliberate, malicious, reckless and wanton conduct of the County of Jones, Mississippi, acting through the Sheriff's Department, Jones County, Mississippi, its sheriff, deputies, and other employees.

As a direct and proximate cause of the above specified negligent and intentional acts of Defendants as specified above, Plaintiffs suffered severe physical injury, loss of income, and severe mental anguish in connection with the deprivation of their constitutional and statutory rights guaranteed by the Fourth, Fifth and Fourteenth Amendments of the U. S. Constitution as protected by 42 U. S. C. § 1983.

## COUNT 6

## VIOLATIONS OF THE FOURTH AMENDMENT

## OF THE UNITED STATES CONSTITUTION

Plaintiffs expressly incorporate paragraphs V- (1) through V- (13) herein by reference as fully as though copied at length herein and re-allege all allegations contained in those paragraphs in Count 6. As a result of the concerted, unlawful and malicious acts of Defendants, Plaintiff, William D. Davis, was deprived of both his liberty without due process of law and his right to equal protection of the laws, and the due course of justice was impeded in violation of the Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States and 42 U.S.C. §1983 and §1985.

## VIOLATIONS OF THE FOURTEEN AMENDMENT

## OF THE UNITED STATES CONSTITUTION

## COUNT 7

Plaintiffs expressly incorporate paragraphs V- (1) through V- (13) herein by reference as fully as though copied at length herein and re-allege all allegations contained in those paragraphs in Count 7. During the time of his incarceration, Plaintiff, William D. Davis, was subjected to improper searches without due process of law and his right to protection of the laws, and the due

course of justice was impeded in violation of the Fourth, Fifth, Ninth and Fourteenth Amendments of the Constitution of the United States and 43 U.S.C. §1983.

## COUNT 8

### VIOLATIONS OF §11-46-1 *ET SEQ*, MISS. CODE ANN. (1972)

Plaintiffs expressly incorporate paragraphs V- (1) through V- (13) herein by reference as fully as though copied at length herein and re-allege all allegations contained in those paragraphs in Count 8.  Defendants acting under color of law intimidated and improperly questioned O. N. thereby illegally and improperly coercing and compelling him to implicate Plaintiff, William D. Davis, in the crimes with which he was charged.  These actions of Defendants are in violation of 11-46-43 Mississippi Code Ann. (1972).

## COUNT 9

### FALSE ARREST AND IMPRISONMENT

Plaintiffs expressly incorporate paragraphs V- (1) through V- (13) herein by reference as fully as though copied at length herein and re-allege all allegations contained in those paragraphs in Count 9.  Captain Tonya Madison, acting on behalf of the County of Jones, Mississippi, as a deputy and employee of the Jones County Sheriff's Department, filed a false affidavit with the Jones County Justice Court improperly charging Mr. Davis with felonious child abuse in violation of *Miss. Code Ann*., § 97-5-39(2)(a)(I) based on alleged statements from the stepson of Mr. Davis, O. N., who is know to have numerous psychological, *inter alia*, issues and is known to make statements that are untrue and unreliable.  Defendants knowingly refused to properly and throughly investigate the false statements of O. N. causing the false arrest and imprisonment of Mr. Davis in violation of 42 U.S.C. §1983 and 11-46-43 Mississippi Code Ann. (1972).

## COUNT 10

## MALICIOUS PROSECUTION

Plaintiffs expressly incorporate paragraphs V- (1) through V- (13) herein by reference as fully as though copied at length herein and re-allege all allegations contained in those paragraphs in Count 10.  Defendants knew or should have known that they did not have a case against Plaintiff, William D. Davis, but continued with their malicious prosecution of Mr. Davis without any probable cause and without any evidence that he committed the crimes with which he was charged as evidence by the declination letter from Kristen Martin, Assistant District Attorney.

## COUNT 11

## MALICIOUS ABUSE OF PROSECUTION

Plaintiffs expressly incorporate paragraphs V- (1) through V- (13) herein by reference as fully as though copied at length herein and re-allege all allegations contained in those paragraphs in Count 11.  Defendants maliciously used illegal process to accomplish an ulterior purpose for which it was not designed or intended or which was not a legitimate purpose of the particular process involved in violation of Plaintiffs constitutional rights.

## COUNT 12

## CONSPIRACY

Plaintiffs expressly incorporate paragraphs V- (1) through V- (13) herein by reference as fully as though copied at length herein and re-allege all allegations contained in those paragraphs in Count 12.  The Defendants had an improper object to be accomplished, had an agreement on the course of action to accomplish the improper object, performed one or more overt acts to accomplish the object thereby causing damages to all Plaintiffs.  These unlawful acts include

continuing the incarceration of Plaintiff, William D. Davis, when they knew that they had no evidence to justify such incarceration. In addition, Defendants knew that they had no evidence that Mr. Davis had committed any crime, but they charged him and continued to prosecute him even after exonerating and exculpatory evidence was presented to them that he was innocent.

## COUNT 13

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

Plaintiffs expressly incorporate paragraphs V- (1) through V- (13) herein by reference as fully as though copied at length herein and re-allege all allegations contained in those paragraphs in Count 13. Defendants intentionally and deliberately inflicted emotional distress on all Plaintiffs by conspiring and maliciously prosecuting Plaintiff, William D. Davis, by abusing the lawful process for unlawful purposes by violating the Constitutional rights of Plaintiff, William D. Davis, and by continuing their improper actions for several months. The conduct of Defendants was extreme, outrageous and beyond all possible bounds of decency. All Plaintiffs herein suffered emotional distress at the hands of and intentional acts of Defendants.

## COUNT 14

### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

Plaintiffs expressly incorporate paragraphs V- (1) through V- (13) herein by reference as fully as though copied at length herein and re-allege all allegations contained in those paragraphs in Count 14. The County of Jones, Mississippi, has an affirmative duty to insure that its employees and those acting on its behalf and under color of law including the sheriff, deputy sheriffs, officers and other employees protect the rights of all individuals. However, the Defendants continually neglected their duty and negligently inflicted emotional distress on all of

the Plaintiffs. The negligent breach of their duties caused Plaintiffs emotional injuries of stress, depression, anxiety, embarrassment and humiliation due to intentional infliction of injuries and the negligence of Defendants.

## COUNT 15

## GENERAL NEGLIGENCE

Plaintiffs expressly incorporate paragraphs V- (1) through V- (13) herein by reference as fully as though copied at length herein and re-allege all allegations contained in those paragraphs in Count 15. Defendants owed a duty to supervise and train the officers and those employed in the County of Jones, Mississippi, owed a duty to supervise and properly train its employees including the sheriff, deputy sheriffs, officers and other employees of the Jones County Sheriff's Department, and to take steps to prevent events such as occurred in this case; the false arrest and imprisonment; the swearing to charges without probable cause; and the continued false imprisonment of Plaintiff, William D. Davis. Defendants owed a duty to both Plaintiffs in this case, but totally breached the standard of ordinary care required of them to supervise their subordinates. As a result of these breaches, all Plaintiffs suffered damages from the negligence of Defendants.

## COUNT 16

## VIOLATIONS OF STATE CONSTITUTIONAL RIGHTS

Plaintiffs expressly incorporate paragraphs V- (1) through V- (13) herein by reference as fully as though copied at length herein and re-allege all allegations contained in those paragraphs in Count 16. Defendants continually violated Plaintiffs' state constitutional rights specifically the right to not be deprived of life, liberty or property except by the due process of law, and

Defendants subjected Plaintiff, William D. Davis, to cruel and unusual punishment. Both Plaintiffs suffered physical and emotional injuries by the Defendants' breach of their duty to comply with the state constitution.

## COUNT 17

### PUNITIVE DAMAGES AND ATTORNEYS' FEES

Plaintiffs allege that all of the actions by all of the Defendants as stated in paragraph V-(1) through V- (13) and alleged in Counts 1 - 16 were intentionally and maliciously committed; and the Plaintiffs should be entitled to punitive damages as well as attorney's fees and all costs of bringing this complaint.

WHEREFORE, Plaintiffs bring this their complaint against the Defendants and demand judgment of them, jointly and severally, for compensatory damages and punitive damages plus reasonable attorneys fees and all costs accrued and to accrue herein; and for an amount to be determined by the jury which is within the jurisdictional limits of this Court and which is reasonably calculated to fully compensate Plaintiffs for their injuries, damages and losses, including the Plaintiffs' attorneys' fees, costs and litigation expenses, etc.

        Respectfully Submitted,

        HOOD & BOLEN, PLLC


        By: */s/ R. Michael Bolen*
            R. MICHAEL BOLEN
            MSB # 3615

HOOD & BOLEN, PLLC
ATTORNEYS AT LAW
3770 HWY. 80 WEST
JACKSON, MISSISSIPPI 39209
TELEPHONE: (601)923-0788
rmb@hoodbolen.com